UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JEAN SOUFFRANT

    Plaintiff,

v.

FIRST CHOICE MEDICAL
GROUP OF BREVARD, LLC.,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, JEAN SOUFFRANT ("Mr. Souffrant" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC., ("Defendant" or "FCM"), a Foreign Limited Liability Company, for breach of contract and unjust enrichment, and states as follows:

### INTRODUCTION AND PARTIES

1. Mr. Souffrant is an adult individual.

2. Defendant is a Foreign Limited Liability Company operates and conducts

business in, among others, Brevard County, Florida, and is thus within this Court's jurisdiction.[1]

3. On or around July 16, 2021, Plaintiff and Defendant entered into a binding contract where Plaintiff promised to provide his services in exchange for compensation (the "Agreement"). This Agreement is attached hereto as "Exhibit A" and is the basis of the present action.

4. Plaintiff brings this action for breach of contract and unjust enrichment to recover from Defendant monetary damages, equitable relief, declaratory relief, any other damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Brevard County, Florida.

## STATEMENT OF FACTS

6. In July 2021, Defendant offered Plaintiff a position as a Physician in the specialty of Interventional Pain.

---

1. Plaintiff and Defendant entered into an Arbitration Agreement, which is an employer promulgated plan. Plaintiff initiated arbitration as required, and in compliance with the Arbitration Agreement, however, Defendant failed to pay the money it was required to pay. As such, Plaintiff was forced to file the instant action in Court, and will be seeking this Court to compel arbitration once Defendant appears, and will be seeking attorneys' fees and costs due to Defendant's bad faith.

7. In exchange for his duties as Physician, Defendant offered to pay a Plaintiff, among other things, a base salary of $375,000.00 per year. The specifics of the payment schedule are detailed in the Agreement. *See* Exhibit A.

8. Defendant also promised to provide medical malpractice insurance coverage and medical healthcare coverage for Plaintiff during his employment. *See* Exhibit A

9. Defendant further promised to keep Plaintiff employed unless both parties mutually consent to terminate the agreement, good cause is found to terminate Plaintiff, or Plaintiff suffers from disability/death.

10. The Agreement also provides for a voluntary termination of the Agreement by either party, provided that the party who wishes to terminate the Agreement gives written notice ninety (90) days prior.

11. Plaintiff accepted this offer and, in consideration of same, commenced his work with Defendant on this basis.

12. On or around July 21, 2021, Plaintiff and Defendant executed a contract outlining the terms of the Agreement.  *See* Exhibit A.

13. The foregoing created an enforceable written contract under Florida law.

14. Plaintiff performed his duties as a Physician from July 21, 2021, until

July 21, 2022.

15. Despite this, Defendant regularly failed to pay Plaintiff his earned wages pursuant to the Agreement.

16. By July 21, 2022, Defendant owed Plaintiff around $50,000.00 in unpaid wages.

17. To date, Defendant has failed to pay Plaintiff his full wages due, which Plaintiff earned, pursuant to the Agreement.

18. Plaintiff completed all sufficient work under the Agreement and Florida law to vest his wages.

19. Defendant also failed to provide medical malpractice insurance and medical health insurance throughout Plaintiff's employment by allowing these policies to lapse.

20. Additionally, on July 21, 2022, Defendant's CEO, Lance Friedman, informed Mr. Souffrant that FCM was terminating the Agreement, effective immediately, without cause, and without notice.

21. Defendant's failure to pay Mr. Souffrant his earned wages, its refusal to provide medical malpractice insurance, medical health insurance, and its unilateral termination of the Agreement without notice all constitute material breaches of the Agreement in violation of Florida law.

22. Accordingly, in light of the foregoing violations of law and material

breaches of the Agreement, Plaintiff has suffered damages, and is entitled to his unpaid wages, interest, consequential damages, and attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

23. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## BREACH OF WRITTEN CONTRACT

24. Plaintiff re-alleges and incorporates all of the allegations contained within Paragraphs 1 through 23 above of the Complaint as if fully set forth herein.

25. Plaintiff and Defendant entered into a compensation agreement, as described above, in which Defendant agreed to pay Plaintiff wages, provide medical malpractice insurance, and provide medical healthcare insurance throughout the duration of Plaintiff's employment with Defendant, in exchange for the performance of Plaintiff's work duties for Defendant.

26. Plaintiff performed the necessary work under the Agreement to vest the wages and benefits to which he is contractually entitled, and in consideration of Defendant's offer and Plaintiff' acceptance of same.

27. Defendant materially breached the parties' Agreement, however, by refusing to pay Plaintiff for wages due and owing to him under the Agreement.

28. Defendant materially breached the parties' Agreement by refusing to provide medical malpractice insurance and medical healthcare insurance to Plaintiff owed to him pursuant to the Agreement.

29. Defendant materially breached the parties' Agreement by unilaterally terminated the Agreement without notice and without cause.

30. Plaintiff has been damaged due to Defendant's willful/continued failure to pay Plaintiff the appropriate agreed upon compensation, necessitating this lawsuit.

31. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for damages and prejudgment interest, consequential damages, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just and proper.

### COUNT II
### UNJUST ENRICHMENT

32. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 12, and 14 through 23 above, as if fully set forth herein.

33. As an alternative pleading to the allegations in Count I, Plaintiff worked for Defendant but was not properly compensated for his services rendered as a

Physician.

34. Additionally, Defendant benefitted from Plaintiff's Physician services, but failed to pay proper wages for this position.

35. Defendant was aware that Plaintiff expected to be compensated for his services as agreed upon by the parties.

36. Defendant was unjustly enriched by the work Plaintiff performed without receiving proper compensation for same, failing to provide insurance benefits, and voluntarily terminating Plaintiff's employment without notice.

37. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff for all wages earned and vested during his employment with Defendant.

38. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and their reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for damages and prejudgment interest, consequential damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 31st day of May, 2023.

                              Respectfully Submitted,

                              ***/s/Noah E. Storch***
                              Noah E. Storch, Esq.
                              Florida Bar No. 0085476
                              Richard Celler Legal, P.A
                              10368 W. SR. 84, Suite 103
                              Davie, Florida 33324
                              Telephone: (866) 344-9243
                              Facsimile: (954) 337-2771
                              Email: noah@floridaovertimelawyer.com

                              *Attorneys for Plaintiff*