UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN SOUFFRANT,

          Plaintiff,

v.                                   Case No: 6:23-cv-1003-PGB-EJK

FIRST CHOICE MEDICAL
GROUP OF BREVARD, LLC,

          Defendant.
_____/

## ORDER

This cause is before the Court upon Plaintiff Jean Souffrant's ("**Plaintiff**") Motion to Compel Compliance with Court Order or Alternatively Motion to Lift Stay and for Sanctions Against Defendant and Defendant's Counsel (Doc. 25 (the "**Motion**")). Defendant First Choice Medical Group of Brevard, LLC ("**Defendant**") filed a response in opposition (Doc. 26 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

## I. BACKGROUND

Plaintiff initiated this action on May 31, 2023, seeking damages for Defendant's alleged breach of contract and unjust enrichment. (Doc. 1). On June 28, 2023, Plaintiff filed a Motion to Compel Arbitration and Stay the Proceedings and for Attorneys' Fees and Costs (Doc. 15 (the "**Motion to Compel Arbitration**")), based on a binding arbitration provision (the "**Arbitration Agreement**") in the Physician-Employment Agreement (Doc. 15-1) between the

parties. Defendant failed to file a response, so the Court treated the Motion to Compel Arbitration as unopposed. (Doc. 19 (the "**Arbitration Order**")). In the Arbitration Order, the Court granted Plaintiff's requests to compel arbitration and to stay the case, but it denied Plaintiff's request for an award of attorneys' fees and costs. (*Id.*).

Thereafter, the parties proceeded to arbitration with the American Arbitration Association ("**AAA**"). (Doc. 25, p. 2; Doc. 26, p. 2). The AAA acknowledged receipt of the arbitration demand on October 12, 2023. (Doc. 25, p. 2; Doc. 25-1). Then, on October 31, 2023, the AAA informed the parties of the administrative filing fees ("**filing fee(s)**") and required the parties to submit payment by November 14, 2023. (Doc. 25, p. 2; Doc. 25-3). Plaintiff timely paid his portion of the filing fee. (*See* Doc. 25, pp. 2–3). However, Defendant failed to submit payment. (Doc. 25-4). As such, on November 15, 2023, the AAA notified the parties that if Defendant did not pay the filing fee by November 29, 2023, the AAA may administratively close the matter. (*Id.*). On November 29, 2023, Defendant filed a Motion for Enlargement of Time to Make Payment of Its Portion of Administrative Filing Fee with the AAA. (Doc. 25-5). Therein, Defendant requested an extension of time to pay the filing fee because it was "unable to make payment at [the] time and [was] waiting on receipt of funding in order to make payment." (*Id.*). The AAA granted Defendant's request and extended the deadline to December 7, 2023, for Defendant to pay the filing fee. (Doc. 25-6). Defendant failed to do so, and thus, on December 12, 2023, the AAA notified the parties that

it administratively closed the file on the matter. (*Id.*). The AAA further advised that due to Defendant's noncompliance, it would "decline to administer any future employment matter involving respondent." (*Id.*).

Ultimately, on April 10, 2024, Plaintiff filed the instant Motion. (Doc. 25). Defendant timely responded, and the matter is thus ripe for review. (Doc. 26).

## II.  DISCUSSION

In the Motion, Plaintiff requests that the Court compel Defendant to comply with the Arbitration Order. (Doc. 25, pp. 4–5). Alternatively, Plaintiff requests that the Court lift the stay and allow the case to proceed before this Court. (*Id.* at pp. 5–6). Finally, Plaintiff requests that the Court impose sanctions against Defendant and Defendant's counsel "for Plaintiff having to unnecessarily expend attorneys' fees and costs to initiate this proceeding." (*Id.* at pp. 6–7). In its Response, Defendant solely addresses Plaintiff's request for sanctions.

### A.  Motion to Compel Defendant's Compliance with the Arbitration Order

Plaintiff initially requests that the Court compel compliance with its Arbitration Order so that the parties can "proceed with arbitration under the AAA."[1] (Doc. 25, pp. 4–5; Doc. 19). Defendant presents no argument in response.

---

[1]  The Court notes that Plaintiff provides no explanation or legal authority to support this request. As such, the Court is not obligated to address Plaintiff's arguments regarding this request. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

3

Due to Defendant's failure to comply with the AAA's Employment/Workplace Arbitration Rules regarding the filing fees, the AAA administratively closed the file and informed the parties that it "will decline to administer any future employment matter involving [the Defendant]." (Doc. 25-6). Consequently, compelling Defendant to "proceed with arbitration under the AAA" is not a feasible option. (Doc. 25, pp. 2–3); *see Ronan v. Neighborhood Rest. Partners of Fla., LLC*, No. 6:19-cv-1130-Orl-37LRH, 2019 WL 13267169, at *2 (M.D. Fla. Nov. 29, 2019) ("Nothing in the FAA grants the Court the authority . . . to compel a private entity, the AAA, to reopen a case contrary to its own stated rules." (citation omitted)).[2] Plaintiff's request to compel Defendant's compliance with the Arbitration Order is therefore denied.

## B. Motion to Lift the Stay

Plaintiff alternatively requests that the Court "lift the stay and allow Plaintiff to proceed with [his] claims" before this Court. (Doc. 25, pp. 5–6). In support, Plaintiff explains that Defendant waived its right to arbitrate by failing to pay the filing fee to the AAA. (*Id.*). Defendant presents no argument in response.

Pursuant to the Federal Arbitration Act ("**FAA**"), a district court should stay a case "until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Here, Defendant failed to pay the filing fee, so the

---

[2] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

4

AAA administratively closed the file on the matter. (Doc. 25-6). Consequently, the arbitration proceeding is in default, and thus, the Court is no longer required to compel arbitration under the FAA. 9 U.S.C. § 3; *see Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) ("The AAA determined the arbitration had gone as far as it could due to [Defendant's] repeated refusal to pay the fees. Under the AAA rules, the panel terminated the proceedings. As such, the arbitration 'ha[d] been had in accordance with the terms of the agreement,' 9 U.S.C. § 3, removing the § 3 requirement for the district court to stay the proceedings."); *see Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 935 (11th Cir. 2019) (citing *Pre-Paid Legal Servs., Inc.,* 786 F.3d at 1294); *see also Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1303, 1305 (11th Cir. 2018) ("Once [the employer] defaulted in the arbitration [by failing to pay the required arbitration fees], the [d]istrict [c]ourt would have been within its power to find that [the employer] could no longer require [the employee] to proceed in arbitration." (citing 9 U.S.C. § 3)). As a result, Plaintiff's request to lift the stay is granted.

### C. Motion for Sanctions Against Defendant and Defendant's Counsel

Finally, Plaintiff requests that the Court impose sanctions against Defendant and Defendant's counsel under 28 U.S.C. § 1927. (Doc. 25, pp. 7–8). Plaintiff asserts that "based on the timeline of events, [] Defendant unreasonably delayed the proceedings by acting as if it would comply with this Court's order and the Parties' arbitration agreement, then on the eleventh hour fail to do so." (*Id.*). In

response, Defendant argues that "there is nothing in the record to even remotely suggest" that Defendant or Defendant's counsel "engaged in any bad faith litigation tactics or exhibited a pattern of misconduct during these proceedings." (Doc. 26, p. 3). Defendant further explains that its inability to pay the AAA's filing fee "is a product of its current dire financial circumstances for which it should not be penalized." (*Id.* at pp. 3–4).

Title 28 U.S.C. § 1927 permits the Court to require any attorney who unreasonably and vexatiously multiplies the proceedings to personally satisfy all attorney's fees, costs, and expenses reasonably incurred because of such conduct. Nothing in the record supports the imposition of sanctions under 28 U.S.C § 1927. Specifically, Defendant and Defense counsel have not "unreasonably and vexatiously" multiplied the proceedings in this case. *See* 28 U.S.C. § 1927. As explained in the Response, Defendant was unable to comply with the AAA's filing fee requirement due to its "dire financial circumstances." (Doc. 26, pp. 3–4). The record supports this premise as indicated in Defendant's Motion for Enlargement of Time to Make Payment of its Portion of Administrative Filing Fee. (Doc. 25-5). Therein, Defendant informed the AAA—and Plaintiff—that it was "unable to make payment at [the] time and [was] waiting on receipt of funding in order to make payment of the arbitration amount." (*Id.*). While the AAA granted Defendant an enlargement of time to make the payment, "the funding from the outside sources never materialized," and thus, Defendant "continues to suffer from the same financial issues." (Doc. 25-6; Doc. 26, pp. 3–4).

Ultimately, the delay in proceedings is not caused by Defense counsel's or Defendant's unreasonable and vexatious conduct. Rather, the delay is a product of Defendant's financial circumstances. As such, the Court denies Plaintiff's request for the imposition of sanctions.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel Compliance with Court Order or Alternatively Motion to Lift Stay and for Sanctions Against Defendant and Defendant's Counsel (Doc. 25) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Clerk of Court is **DIRECTED** to lift the stay and reopen the case.

    b. The Motion is **DENIED** in all other respects.

2. On or before **October 21, 2024**, the parties shall file their case management report in compliance with the Initial Case Order (Doc. 3). Failure to timely comply with this Order may result in dismissal of the case without prejudice or other appropriate sanctions.

**DONE AND ORDERED** in Orlando, Florida on October 7, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

7

Copies furnished to:

Counsel of Record
Unrepresented Parties